STOREY & MILLER
COURT REPORTERS
601 W. RIVERSIDE
SUITE 1030
SPOKANE, WA 99201

THE HONORABLE ROBERT H. WHALEY

Douglas E. Smith (WSBA No. 17319)
Barbara J. Duffy (WSBA No. 18885)
LANE POWELL SPEARS LUBERSKY LLP
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: (206) 223-7000
Facsimile: (206) 223-7107

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 03 2000

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| GABRIEL ALVAREZ, VIRGINIA ALVAREZ, MARIA CHAVEZ, RANULFO GUTIERREZ, PEDRO HERNANDEZ, MARIA MARTINEZ, RAMON MORENO, and ISMAEL RODRIGUEZ, individually and as class representatives,<br><br>               Plaintiffs,<br><br>   v.<br><br>IBP, INC., a Delaware corporation,<br><br>               Defendant. | CLASS ACTION<br>No. CT-98-5005-RHW<br><br>**DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT DISMISSING PLAINTIFFS' STATE LAW MINIMUM WAGE ACT CLAIMS** |

In support of Defendant's Motion for Summary Judgment on Plaintiffs' State Minimum Wage Act Claims, defendant IBP, inc. ("IBP") submits the following statement of material facts:

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 1

115386.0001\675865.1

ORIGINAL

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

Plaintiffs' claims in this action are based on the allegation that each of the eight representative plaintiffs performs a certain number of minutes or hours of work activities before and after each scheduled work day, and during employee break periods. See Plaintiffs' Second Amended Complaint at ¶¶ 8-12, 45-52.

In response to discovery requests from IBP, plaintiffs have provided or suggested the following high estimates of the specific amounts of time they claim to have engaged in such activities:[1]

---

[1] IBP disputes the accuracy of these estimates, and disagrees with plaintiffs' claims that the alleged "off-the-clock" activities constitute compensable work time. However, for purposes of this motion only, IBP will assume the estimates provided or suggested in plaintiffs' discovery responses are accurate and reflect compensable work time.

It is evident in the Interrogatory responses that the time estimates are inconsistent. In an effort to take a consistently conservative approach, IBP used the highest estimates offered or suggested by each of the plaintiffs in response to an interrogatory requesting an estimate of their alleged uncompensated time. A more detailed explanation of how IBP arrived at the high estimates from the individual plaintiffs' discovery responses is provided in ¶ 5 of the Declaration of Barbara J.

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 2

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

1) Plaintiff Gabriel Alvarez:      85 minutes;

2) Plaintiff Virginia Alvarez:     100 minutes;

3) Plaintiff Maria Chavez:         80 minutes;[2]

4) Plaintiff Ranulfo Gutierrez:    80 minutes;

5) Plaintiff Pedro Hernandez:      80 minutes;

6) Plaintiff Maria Martinez:       80 minutes;

7) Plaintiff Ramon Moreno:         80 minutes; and

8) Plaintiff Ismael Rodriguez:     80 minutes.

See Duffy Declaration at ¶ 5 and plaintiffs' responses to Interrogatory No. 4, collectively attached as Exhibit C to Duffy Declaration.

---

Duffy in Support of Defendant's Motion for Summary Judgment Dismissing Plaintiffs' State Law Minimum Wage Act Claims (herein called "Duffy Declaration").

[2]  Due to the apparent discrepancies in Ms. Chavez's response and the resulting low estimates of her off-the-clock work as compared to the other named plaintiffs' estimates, IBP gave Ms. Chavez the benefit, not of her own high estimate of 70 minutes of off-the-clock work, but of the high estimate of the majority of her co-plaintiffs – 80 minutes of off-the-clock work everyday.   Thus, IBP provided Ms. Chavez the benefit of an additional 10 minutes of off-the-clock work over and above even her own highest estimate. See Duffy Declaration at ¶ 5(d).

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 3

115386.0001\675865.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

During the time period at issue in this lawsuit (June 30, 1995 to the present), the Washington Minimum Wage Act, as revised, has established a state minimum wage rate of $4.90/hour (from June 1995 to December 1998), $5.70/hour (from January 1999 to January 1, 2000) and $6.50/hour (from January 1, 2000 to present).

In order to determine whether the additional work hours alleged by plaintiffs cause their weekly pay rate to drop below these state statutory minimum wage rate levels, IBP has prepared a summary of payroll information from each of the named plaintiffs. The summary identifies the actual straight time pay for each workweek during the time period in question, and then measures that weekly pay against the total number of work hours alleged for the week. The net result is the alleged rate of pay that each plaintiff claims to have been paid for each and every week at issue, assuming that all of plaintiffs' allegations concerning work hours are true. IBP has prepared this summary using the actual payroll data for each of the named plaintiffs, together with the actual work hour estimates provided in plaintiffs' own individual discovery responses (as summarized above). See Duffy Declaration at ¶ 2; accompanying Declaration of Jean Olson in Support of Defendant's Motion for Summary Judgment Dismissing Plaintiffs' State Law Minimum Wage Act Claims ("Olson Declaration") and Exhibits 1-8 attached to Olson Declaration.

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 4

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

No plaintiff has ever been paid a rate below the statutory minimum.  In fact, the weekly pay for each plaintiff has significantly exceeded the minimum wage rate during each week of the plaintiffs' employment at IBP, even if the Court accepts all of plaintiffs' allegations in this case as true.

1.    **Gabriel Alvarez.**  Attached as Exhibit 1 to the Olson Declaration is a Chart which accurately reflects the following information for plaintiff Gabriel Alvarez from July 1, 1995 to the present:

a)    **Pay Period.**  ["Pay Period"]:  Column No. 1 of the comparative wage chart identifies the specific ending date for each workweek for which payroll data and work hours have been collected and analyzed for Mr. Alvarez.  See Olson Declaration at ¶ 5.

b)    **Total Work Hours Recorded.**  ["Tot. Work Hrs. Recorded"]: The second column of the chart lists the total hours of work time recorded by Mr. Alvarez within the pay period.  This column does not include time recorded for such non-work activities as vacations, sick time, holidays or jury duty.  See Olson Declaration at ¶ 6.

c)    **Total Regular Compensation for Week.**  ["Tot. Reg. Comp. Wk."]:  This third column sets forth in dollars the total gross straight time (regular) earnings received by Mr. Alvarez for the hours worked in the given workweek.  This column excludes any additional amounts Mr. Alvarez may have received for overtime,

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 5

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

sunshine pay, or other bonuses. As a result, in some instances he may have received more compensation (and therefore a higher actual rate of pay) than the amounts listed. See Olson Declaration at ¶ 7.

d)    **Paid Hourly Rate.** ["Paid Hourly Rate"]: This fourth column is calculated by dividing the total regular paid compensation in column three by the total hours worked in column two. This paid hourly rate typically will be the contract rate earned by Mr. Alvarez during the time period. See Olson Declaration at ¶ 8.

e)    **Additional Time Per Week Claimed.** ["Add'l Time Per Wk Claimed"]: The fifth column lists the additional number of hours that Mr. Alvarez claims to have worked during each workweek. This figure is based on the estimates provided in Mr. Alvarez's own individual discovery responses. See Duffy Declaration at ¶ 2 and ¶ 5(a) and (b). To be conservative, IBP has used the highest estimates provided in Mr. Alvarez's discovery responses. Id. at ¶ 2(a).

f)    **Total Time Including Claimed Time.** ["Total Time Inc. Claimed Time"]: The sixth column is the sum of the recorded hours and the additional work hours claimed by Mr. Alvarez as stated in Response to Interrogatories (the sum of the second and fifth columns). See Duffy Declaration at ¶ 2(b).

g)    **Claimed Hourly Rate.** ["Claimed Hourly Rate"]: The seventh column contains the claimed hourly rate that Mr. Alvarez claims to have been paid for

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 6

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

each workweek, assuming that all of his allegations concerning work hours are accepted as true.    This rate of pay is calculated by dividing the total regular compensation for the week (the third column) by the total claimed hours for the week (the sixth column).  See Duffy Declaration at ¶ 2(c).  Even if the Court accepts all of Mr. Alvarez's allegations at face value, this column demonstrates that Mr. Alvarez was paid at a rate that exceeds the state minimum wage rate during each and every week of employment at IBP.

h)    **Minimum Wage Rate.**  ["Min Wage"]:  The eighth column lists the applicable state minimum wage rate in effect during the given pay period.  See Duffy Declaration at ¶ 2(d).

2.    **Virginia Alvarez.**  Attached as Exhibit 2 to the Olson Declaration is a Chart which accurately reflects the following information for plaintiff Virginia Alvarez from July 1, 1995 to the present:

a)    **Pay Period.**  ["Pay Period"]:  Column No. 1 of the comparative wage chart identifies the specific ending date for each workweek for which payroll data and work hours have been collected and analyzed for Ms. Alvarez.  See Olson Declaration at ¶ 5.

b)    **Total Work Hours Recorded.**  ["Tot. Work Hrs. Recorded"]:  The second column of the chart lists the total hours of work time recorded by Ms. Alvarez

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 7

115386.0001\675865.1

1    within the pay period.  This column does not include time recorded for such non-work

2    activities as vacations, sick time, holidays or jury duty.  See Olson Declaration at ¶ 6.

3

4        c)    **Total Regular Compensation for Week.**  [Tot. Reg. Comp. Wk.]:

5    This third column sets forth in dollars the total gross straight time (regular) earnings

6    received by Ms. Alvarez for the hours worked in the given workweek.  This column

7    excludes any additional amounts Ms. Alvarez may have received for overtime,

8    sunshine pay, or other bonuses.  As a result, in some instances she may have received

9

10   more compensation (and therefore a higher actual rate of pay) than the amounts listed.

11   See Olson Declaration at ¶ 7.

12

13       d)    **Paid Hourly Rate.**  ["Paid Hourly Rate"]:  This fourth column is

14   calculated by dividing the total regular paid compensation in column three by the total

15

16   hours worked in column two.  This paid hourly rate will typically be the contract rate

17   earned by Ms. Alvarez during the time period.  See Olson Declaration at ¶ 8.

18

19       e)    **Additional Time Per Week Claimed.**  ["Add'l Time Per Wk

20   Claimed"]:  The fifth column lists the additional number of hours that Ms. Alvarez

21   claims to have worked during each workweek.  This figure is based on the estimates

22   provided in Ms. Alvarez's own individual discovery responses.  See Duffy

23   Declaration at ¶ 2 and ¶ 5(c).  To be conservative, IBP has used the highest estimates

24   provided in Ms. Alvarez's discovery responses.  Id. at ¶ 2(a).

25

26

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 8

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

f)    **Total Time Including Claimed Time.**  ["Total Time Inc. Claimed Time"]:  The sixth column is the sum of the recorded hours and the additional work hours claimed by Ms. Alvarez as stated in Response to Interrogatories (the sum of the second and fifth columns).  See Duffy Declaration at ¶ 2(b).

g)    **Claimed Hourly Rate.**  ["Claimed Hourly Rate"]:  The seventh column contains the claimed hourly rate that Ms. Alvarez claims to have been paid for each workweek, assuming that all of her allegations concerning work hours are accepted as true.  This rate of pay is calculated by dividing the total regular compensation for the week (the third column) by the total claimed hours for the week (the sixth column).  See Duffy Declaration at ¶ 2(c).  Even if the Court accepts all of plaintiffs' allegations at face value, this column demonstrates that Ms. Alvarez was paid at a rate that exceeds the state minimum wage rate during each and every week of employment at IBP.

h)    **Minimum Wage Rate.**  ["Min Wage"]:  The eighth column lists the applicable state minimum wage rate in effect during the given pay period.  See Duffy Declaration at ¶ 2(d).

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 9

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

3.    **Maria Chavez.**    Attached as Exhibit 3 to the Olson Declaration is a Chart which accurately reflects the following information for plaintiff Maria Chavez from July 1, 1995 to the present:

a)    **Pay Period.**  ["Pay Period"]:  Column No. 1 of the comparative wage chart identifies the specific ending date for each workweek for which payroll data and work hours have been collected and analyzed for Ms. Chavez.  <u>See</u> Olson Declaration at ¶ 5.

b)    **Total Work Hours Recorded.**  ["Tot. Work Hrs. Recorded"]: The second column of the chart lists the total hours of work time recorded by Ms. Chavez within the pay period.  This column does not include time recorded for such non-work activities as vacations, sick time, holidays or jury duty.  <u>See</u> Olson Declaration at ¶6.

c)    **Total Regular Compensation for Week.**  ["Tot. Reg. Comp. Wk."]:  This third column sets forth in dollars the total gross straight time (regular) earnings received by Ms. Chavez for the hours worked in the given workweek.  This column excludes any additional amounts Ms. Chavez may have received for overtime, sunshine pay, or other bonuses.  As a result, in some instances she may have received more compensation (and therefore a higher actual rate of pay) than the amounts listed. <u>See</u> Olson Declaration at ¶ 7.

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 10

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

d)    **Paid Hourly Rate.** ["Paid Hourly Rate"]: This fourth column is calculated by dividing the total regular paid compensation in column three by the total hours worked in column two. This paid hourly rate will typically be the contract rate earned by Ms. Chavez during the time period. <u>See</u> Olson Declaration at ¶ 8.

e)    **Additional Time Per Week Claimed.** ["Add'l Time Per Wk Claimed"]: The fifth column lists the additional number of hours that the majority of Ms. Chavez's co-plaintiffs claim to have worked during each workweek. Due to the apparent discrepancies in Ms. Chavez's own discovery responses and the resulting low estimates of her off-the-clock work per day (with a high estimate of 70 minutes which is 10 minutes less than the majority of her co-plaintiffs), IBP added 10 minutes to Ms. Chavez's highest daily estimate to account for any possible errors. <u>See</u> Duffy Declaration at ¶ 2 and ¶ 5(d). For purposes of this motion, IBP will assume that this higher estimate actually represents Ms. Chavez's claimed additional work hours.

f)    **Total Time Including Claimed Time.** ["Total Time Inc. Claimed Time"]: The sixth column is the sum of the recorded hours and the additional work hours claimed by Ms. Chavez as stated in Response to Interrogatories (the sum of the second and fifth columns). <u>See</u> Duffy Declaration at ¶ 2(b).

g)    **Claimed Hourly Rate.** ["Claimed Hourly Rate"]: The seventh column contains the claimed hourly rate that Ms. Chavez claims to have been paid for

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 11

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

each workweek, assuming that all of her allegations concerning work hours are accepted as true. This rate of pay is calculated by dividing the total regular compensation for the week (the third column) by the total claimed hours for the week (the sixth column). <u>See</u> Duffy Declaration at ¶ 2(c). Even if the Court accepts all of plaintiffs' allegations at face value, this column demonstrates that Ms. Chavez was paid at a rate that exceeds the state minimum wage rate during each and every week of employment at IBP.

      h)    **Minimum Wage Rate.** ["Min Wage"]: The eighth column lists the applicable state minimum wage rate in effect during the given pay period. <u>See</u> Duffy Declaration at ¶ 2(d).

      4.    **Ranulfo Gutierrez.**    Attached as Exhibit 4 to the Olson Declaration is a Chart which accurately reflects the following information for plaintiff Ranulfo Gutierrez from July 1, 1995 to the present.

      a)    **Pay Period.** ["Pay Period"]: Column No. 1 of the comparative wage chart identifies the specific ending date for each workweek for which payroll data and work hours have been collected and analyzed for Mr. Gutierrez. <u>See</u> Olson Declaration at ¶ 5.

      b)    **Total Work Hours Recorded.** ["Tot. Work Hrs. Recorded"]: The second column of the chart lists the total hours of work time recorded by

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 12

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

1   Mr. Gutierrez within the pay period.  This column does not include time recorded for

2   such non-work activities as vacations, sick time, holidays or jury duty.  See Olson

3
4   Declaration at ¶ 6.

5           c)      **Total Regular Compensation for Week.**  ["Tot. Reg. Comp.

6   Wk."]:  This third column sets forth in dollars the total gross straight time (regular)

7
8   earnings received by Mr. Gutierrez  for the hours worked in the given workweek.

9   This column has excluded any additional amounts Mr. Gutierrez  may have received

10
11  for overtime, sunshine pay, or other bonuses.  As a result, in some instances he may

12  have received more compensation (and therefore a higher actual rate of pay) than the

13  amounts listed.  See Olson Declaration at ¶ 7.

14          d)      **Paid Hourly Rate.**  ["Paid Hourly Rate"]:  This fourth column is

15
16  calculated by dividing the total regular paid compensation in column three by the total

17  hours worked in column two.  This paid hourly rate typically will be the contract rate

18
19  earned by Mr. Gutierrez  during the time period.  See Olson Declaration at ¶ 8.

20          e)      **Additional Time Per Week Claimed.**  ["Add'l Time Per Wk

21  Claimed"]:  The fifth column lists the additional number of hours that Mr. Gutierrez

22
23  claims to have worked during each workweek.  This figure is based on the estimates

24  provided in Mr. Gutierrez's  own individual discovery responses.   See Duffy

25

26

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 13

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

115386.0001\675865.1

Declaration at ¶ 2 and ¶ 5(e) and (f).  To be conservative, IBP has used the highest estimates provided in Mr. Gutierrez's discovery responses.  Id. at ¶ 2(a).

   f) **Total Time Including Claimed Time.**  ["Total Time Inc. Claimed Time"]:  The sixth column is the sum of the recorded hours and the additional work hours claimed by Mr. Gutierrez as stated in Response to Interrogatories (the sum of the second and fifth columns).  See Duffy Declaration at ¶ 2(c).

   g) **Claimed Hourly Rate.**  ["Claimed Hourly Rate"]:  The seventh column contains the claimed hourly rate that Mr. Gutierrez  claims to have been paid for each workweek, assuming that all of his allegations concerning work hours are accepted as true.   This rate of pay is calculated by dividing the total regular compensation for the week (the third column) by the total claimed hours for the week (the sixth column).  See Duffy Declaration at ¶ 2(d).  Even if the Court accepts all of Mr. Gutierrez's allegations at face value, this column demonstrates that Mr. Gutierrez was paid at a rate that exceeds the state minimum wage rate during each and every week of employment at IBP.

   h) **Minimum Wage Rate.**  ["Min Wage"]:  The eighth column lists the applicable state minimum wage rate in effect during the given pay period.  See Duffy Declaration at ¶ 2(e).

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 14

115386.0001\675865.1

5.   **Pedro Hernandez.**   Attached as Exhibit 5 to the Olson Declaration is a Chart which accurately reflects the following information for plaintiff Pedro Hernandez from July 1, 1995 to the present:

a)   **Pay Period.** ["Pay Period"]:  Column No. 1 of the comparative wage chart identifies the specific ending date for each workweek for which payroll data and work hours have been collected and analyzed for Mr. Hernandez.  <u>See</u> Olson Declaration at ¶ 5.

b)   **Total Work Hours Recorded.** ["Tot. Work Hrs. Recorded"]: The second column of the chart lists the total hours of work time recorded by Mr. Hernandez within the pay period.  This column does not include time recorded for such non-work activities as vacations, sick time, holidays or jury duty.  <u>See</u> Olson Declaration at ¶ 6.

c)   **Total Regular Compensation for Week.** ["Tot. Reg. Comp. Wk."]:  This third column sets forth in dollars the total gross straight time (regular) earnings received by Mr. Hernandez for the hours worked in the given workweek.  This column excludes any additional amounts Mr. Hernandez may have received for overtime, sunshine pay, or other bonuses.  As a result, in some instances he may have received more compensation (and therefore a higher actual rate of pay) than the amounts listed. <u>See</u> Olson Declaration at ¶ 7.

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 15

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

d)    **Paid Hourly Rate.** ["Paid Hourly Rate"]:  This fourth column is calculated by dividing the total regular paid compensation in column three by the total hours worked in column two.  This paid hourly rate will typically be the contract rate earned by Mr. Hernandez during the time period.  <u>See</u> Olson Declaration at ¶ 8.

e)    **Additional Time Per Week Claimed.**  ["Add'l Time Per Wk Claimed"]:  The fifth column lists the additional number of hours that Mr. Hernandez claims to have worked during each workweek.  This figure is based on the estimates provided in Mr. Hernandez's own individual discovery responses.  <u>See</u> Duffy Declaration at ¶ 2 and ¶5 (g) and (h).  To be conservative, IBP has used the highest estimates provided in Mr. Hernandez's discovery responses.  <u>Id.</u> at ¶ 2(a).

f)    **Total Time Including Claimed Time.** ["Total Time Inc. Claimed Time"]:  The sixth column is the sum of the recorded hours and the additional work hours claimed by Mr. Hernandez as stated in Response to Interrogatories (the sum of the second and fifth columns).  <u>See</u> Duffy Declaration at ¶ 2(b).

g)    **Claimed Hourly Rate.** ["Claimed Hourly Rate"]:  The seventh column contains the claimed hourly rate that Mr. Hernandez claims to have been paid for each workweek, assuming that all of his allegations concerning work hours are accepted as true.  This rate of pay is calculated by dividing the total regular compensation for the week (the third column) by the total claimed hours for the week

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 16

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

(the sixth column).  See Duffy Declaration at ¶ 2(c).  Even if the Court accepts all of plaintiffs' allegations at face value, this column demonstrates that Mr. Hernandez was paid at a rate that exceeds the state minimum wage rate during each and every week of employment at IBP.

h)    **Minimum Wage Rate.**  ["Min Wage"]:  The eighth column lists the applicable state minimum wage rate in effect during the given pay period.  See Duffy Declaration at ¶ 2(d).

6.    **Maria Martinez.**  Attached as Exhibit 6 to the Olson Declaration is a Chart which accurately reflects the following information for plaintiff Maria Martinez from July 1, 1995 to the present:

a)    **Pay Period.**  ["Pay Period"]:  Column No. 1 of the comparative wage chart identifies the specific ending date for each workweek for which payroll data and work hours have been collected and analyzed for Ms. Martinez.  See Olson Declaration at ¶ 5.

b)    **Total Work Hours Recorded.**  ["Tot. Work Hrs. Recorded"]: The second column of the chart lists the total hours of work time recorded by Ms. Martinez within the pay period.  This column does not include time recorded for such non-work activities as vacations, sick time, holidays or jury duty.  See Olson Declaration at ¶ 6.

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 17

115386.0001\675865.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

c)    **Total Regular Compensation for Week.**  ["Tot. Reg. Comp. Wk."]:  This third column sets forth in dollars the total gross straight time (regular) earnings received by Ms. Martinez for the hours worked in the given workweek.  This column excludes any additional amounts Ms. Martinez may have received for overtime, sunshine pay, or other bonuses.  As a result, in some instances she may have received more compensation (and therefore a higher actual rate of pay) than the amounts listed. See Olson Declaration at ¶ 7.

d)    **Paid Hourly Rate.**  ["Paid Hourly Rate"]:  This fourth column is calculated by dividing the total regular paid compensation in column three by the total hours worked in column two.  This paid hourly rate will typically be the contract rate earned by Ms. Martinez during the time period. See Olson Declaration at ¶ 8.

e)    **Additional Time Per Week Claimed.**  ["Add'l Time Per Wk Claimed"]:  The fifth column lists the additional number of hours that Ms. Martinez claims to have worked during each workweek.  This figure is based on the estimates provided in Ms. Martinez's own individual discovery responses.  See Duffy Declaration at ¶ 2 and ¶ 5(i) and (j).  To be conservative, IBP has used the highest estimates provided in Ms. Martinez's discovery responses. Id. at ¶ 2(a).

f)    **Total Time Including Claimed Time.**  ["Total Time Inc. Claimed Time"]:  The sixth column is the sum of the recorded hours and the additional work

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 18

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

hours claimed by Ms. Martinez as stated in Response to Interrogatories (the sum of the second and fifth columns).  See Duffy Declaration at ¶ 2(b).

g) **Claimed Hourly Rate.** ["Claimed Hourly Rate"]:  The seventh column contains the claimed hourly rate that Ms. Martinez claims to have been paid for each workweek, assuming that all of her allegations concerning work hours are accepted as true.  This rate of pay is calculated by dividing the total regular compensation for the week (the third column) by the total claimed hours for the week (the sixth column).  See Duffy Declaration at ¶ 2(c).  Even if the Court accepts all of plaintiffs' allegations at face value, this column demonstrates that Ms. Martinez was paid at a rate that exceeds the state minimum wage rate during each and every week of employment at IBP.

h) **Minimum Wage Rate.** ["Min Wage"]:  The eighth column lists the applicable state minimum wage rate in effect during the given pay period.  See Duffy Declaration at ¶ 2(d).

7. **Ramon Moreno.**  Attached as Exhibit 7 to the Olson Declaration is a Chart which accurately reflects the following information for plaintiff Ramon Moreno from July 23, 1995 (the date marking the end of Mr. Moreno's first weekly pay period at IBP) to the present:

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 19

115386.0001\675865.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

a)  **Pay Period.** ["Pay Period"]:  Column No. 1 of the comparative wage chart identifies the specific ending date for each workweek for which payroll data and work hours have been collected and analyzed for Mr. Moreno.  See Olson Declaration at ¶ 5.

b)  **Total Work Hours Recorded.** ["Tot. Work Hrs. Recorded"]: The second column of the chart lists the total hours of work time recorded by Mr. Moreno within the pay period.  This column does not include time recorded for such non-work activities as vacations, sick time, holidays or jury duty.  See Olson Declaration at ¶6.

c)  **Total Regular Compensation for Week.** ["Tot. Reg. Comp. Wk."]:  This third column sets forth in dollars the total gross straight time (regular) earnings received by Mr. Moreno for the hours worked in the given workweek.  This column excludes any additional amounts Mr. Moreno may have received for overtime, sunshine pay, or other bonuses.  As a result, in some instances he may have received more compensation (and therefore a higher actual rate of pay) than the amounts listed.  See Olson Declaration at ¶ 7.

d)  **Paid Hourly Rate.** ["Paid Hourly Rate"]:  This fourth column is calculated by dividing the total regular paid compensation in column three by the total hours worked in column two.  This paid hourly rate will typically be the contract rate earned by Mr. Moreno during the time period.  See Olson Declaration at ¶ 8.

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 20

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

e)    **Additional Time Per Week Claimed.**    ["Add'l Time Per Wk Claimed"]:  The fifth column lists the additional number of hours that Mr. Moreno claims to have worked during each workweek.  This figure is based on the estimates provided in Mr. Moreno's  own individual discovery responses.    <u>See</u> Duffy Declaration at ¶ 2 and ¶ 5(k) and (l).  To be conservative, IBP has used the highest estimates provided in Mr. Moreno's discovery responses.  <u>Id.</u> at ¶ 2(a).

f)    **Total Time Including Claimed Time.**    ["Total Time Inc. Claimed Time"]:  The sixth column is the sum of the recorded hours and the additional work hours claimed by Mr. Moreno as stated in Response to Interrogatories (the sum of the second and fifth columns).  <u>See</u> Duffy Declaration at ¶ 2(b).

g)    **Claimed Hourly Rate.**    ["Claimed Hourly Rate"]:  The seventh column contains the claimed hourly rate that Mr. Moreno claims to have been paid for each workweek, assuming that all of his allegations concerning work hours are accepted as true.  This rate of pay is calculated by dividing the total regular compensation for the week (the third column) by the total claimed hours for the week (the sixth column).  <u>See</u> Duffy Declaration at ¶ 2(c).  Even if the Court accepts all of Mr. Moreno's allegations at face value, this column demonstrates that Mr. Moreno was paid at a rate that exceeds the state minimum wage rate during each and every week of employment at IBP.

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 21

115386.0001\675865.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

h)    **Minimum Wage Rate.** ["Min Wage"]:  The eighth column lists the applicable state minimum wage rate in effect during the given pay period.  <u>See</u> Duffy Declaration at ¶ 2(d).

8.    **Ismael Rodriguez.**    Attached as Exhibit 8 to Olson Declaration is a Chart which accurately reflects the following information for plaintiff Ismael Rodriguez from July 1, 1995 to the present.

a)    **Pay Period.** ["Pay Period"]:  Column No. 1 of the comparative wage chart identifies the specific ending date for each workweek for which payroll data and work hours have been collected and analyzed for Mr. Rodriguez.  <u>See</u> Olsen Declaration at ¶ 5.

b)    **Total Work Hours Recorded.** ["Tot. Work Hrs. Recorded"]: The second column of the chart lists the total hours of work time recorded by Mr. Rodriguez within the pay period.  This column does not include time recorded for such non-work activities as vacations, sick time, holidays or jury duty.  <u>See</u> Olson Declaration at ¶ 6.

c)    **Total Regular Compensation for Week.** ["Tot. Reg. Comp. Wk."]:  This third column sets forth in dollars the total gross straight time (regular) earnings received by Mr. Rodriguez for the hours worked in the given workweek. This column excludes any additional amounts. Mr. Rodriguez may have received for

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 22

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

overtime, sunshine pay, or other bonuses.  As a result, in some instances he may have received more compensation (and therefore a higher actual rate of pay) than the amounts listed.  <u>See</u> Olson Declaration at ¶ 7.

d)    **Paid Hourly Rate.**  ["Paid Hourly Rate"]:  This fourth column is calculated by dividing the total regular paid compensation in column three by the total hours worked in column two.  This paid hourly rate will typically be the contract rate earned by Mr. Rodriguez during the time period.  <u>See</u> Olson Declaration at ¶ 8.

e)    **Additional Time Per Week Claimed.**  ["Add'l Time Per Wk Claimed"]:  The fifth column lists the additional number of hours that Mr. Rodriguez claims to have worked during each workweek.  This figure is based on the estimates provided in Mr. Rodriguez ' own individual discovery responses.  <u>See</u> Duffy Declaration at ¶ 2 and ¶ 5(m) and (n).  To be conservative, IBP has used the highest estimates provided in Mr. Rodriguez' discovery responses.  <u>Id.</u> at ¶ 2(a).

f)    **Total Time Including Claimed Time.**  ["Total Time Inc. Claimed Time"]:  The sixth column is the sum of the recorded hours and the additional work hours claimed by Mr. Rodriguez as stated in Response to Interrogatories (the sum of the second and fifth columns).  <u>See</u> Duffy Declaration at ¶ 2(b).

g)    **Claimed Hourly Rate.**  ["Claimed Hourly Rate"]:  The seventh column contains the claimed hourly rate that Mr. Rodriguez claims to have been paid

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 23

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

1  for each workweek, assuming that all of his allegations concerning work hours are

2  accepted as true.   This rate of pay is calculated by dividing the total regular

3

4  compensation for the week (the third column) by the total claimed hours for the week

5  (the sixth column).  See Duffy Declaration at ¶ 2(c).  Even if the Court accepts all of

6  plaintiffs' allegations at face value, this column demonstrates that Mr. Rodriguez  was

7

8  paid at a rate that exceeds the state minimum wage rate during each and every week of

9  employment at IBP.

10        h)      **Minimum Wage Rate.**   ["Min Wage"]:  The eighth column lists

11  the applicable state minimum wage rate in effect during the given pay period.  See

12  Duffy Declaration at ¶ 2(d).

13

14        DATED this _29th_ day of March, 2000.

15

16                              LANE POWELL SPEARS LUBERSKY LLP

17

18                              By _____
                                    Douglas E. Smith, WSBA No. 17319
19                                  Barbara J. Duffy, WSBA No. 18885
                                    Attorneys for Defendant IBP, inc.

20

21

22

23

24

25

26

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING STATE LAW MWA CLAIMS - 24

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA  98101
(206) 223-7000