STOREY & MILLER
COURT REPORTERS
601 W. RIVERSIDE
SUITE 1030
SPOKANE, WA 99201

**ORIGINAL**

THE HONORABLE ROBERT H. WHALEY

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 31 2000

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

Douglas E. Smith (WSBA No. 17319)
Barbara J. Smith (WSBA No. 18885)
LANE POWELL SPEARS LUBERSKY LLP
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: (206) 223-7000
Facsimile: (206) 223-7107

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| GABRIEL ALVAREZ, VIRGINIA ALVAREZ, MARIA CHAVEZ, RANULFO GUTIERREZ, PEDRO HERNANDEZ, MARIA MARTINEZ, RAMON MORENO, and ISMAEL RODRIGUEZ, individually and as class representatives,<br><br>Plaintiffs,<br><br>v.<br><br>IBP, INC., a Delaware corporation,<br><br>Defendant. | CLASS ACTION<br>No. CT-98-5005-RHW<br><br>**LR 56.1 STATEMENT OF FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DISMISSING CERTAIN PLAINTIFFS' CLAIMS AS INVALID AND SETTING REMAINING PLAINTIFFS' CLAIM PERIODS** |

In support of Defendant's Motion for Summary Judgment Dismissing Certain Plaintiffs' Claims as Invalid and Setting Remaining Plaintiffs' Claim Periods, defendant IBP, inc. ("IBP") submits the following statement of material facts:

LR 56.1 STATEMENT OF FACTS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
DISMISSING CERTAIN PLAINTIFFS' CLAIMS - 1

115386.0001\719066.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

1. This case was brought as a Section 216(b) collective class action suit under the Fair Labor Standards Act ("FLSA"). <u>See</u> Plaintiffs' Second Amended Complaint for Minimum Wage Act and Fair Labor Standards Act Violations; Stipulation re Class Certification, entered by the Court on June 11, 1999 ("Stipulation re Class Certification").

2. In addition to the FLSA claims, plaintiffs' complaint includes alleged violations of the Washington Minimum Wage Act and related state statutes. In the Stipulation re Class Certification, the parties stipulated, and this Court ordered, that the Court would take supplemental jurisdiction over all remaining state law claims as part of the Section § 216(b) collective class action and that the collective class action would not be treated as a class action under Fed. R. Civ. P. 23. Stipulation re Class Certification, at pp. 2-5.

3. Plaintiffs originally filed approximately 700 consent cards with the Court – the "Pre-Notice Consents" – in groups filed with the Court on: August 10, 1998; August 24, 1998; December 11, 1998; February 11, 1999; July 23, 1999; and September 29, 1999. <u>See</u> Collective Class List Spreadsheet, attached as Exhibit A to the Declaration of Ann Davidge Schovajsa ("Schovajsa Decl."); Court docket attached as Exhibit B to Schovajsa Decl. (showing dates when plaintiffs' Pre-Notice Consents were filed with the Court); consent card pleadings attached as Exhibit C to Schovajsa

LR 56.1 STATEMENT OF FACTS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
DISMISSING CERTAIN PLAINTIFFS' CLAIMS - 2

115386.0001\719066.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

Decl. (attaching a courtesy copy of the following pleadings without the attached consents: "Consent to be Party Plaintiffs"; "First Supplemental Consent to be Party Plaintiffs"; "Second Supplemental Consent to be Party Plaintiffs"; "Third Supplemental Consent to be Party Plaintiffs"; "Fourth Supplemental Consent to be Party Plaintiffs"; "Fifth Supplemental Consent to be Party Plaintiffs"; "Declaration of Judd Amberg: Reporting Interim Class Notice Responses;" and "Declaration of Judd Amberg: Final Report Regarding Class Notice Responses and Double Damages Responses").

4. The remaining notices and consent cards – the "Class Notice" – were sent out pursuant to this Court's approval. Prior to the Class Notice mailing, the Court specifically ordered that the parties "abide by the schedule set forth in the Stipulation re Class Certification." Order Granting Motion to Amend and Class Certification, entered on August 24, 1999, at p. 6.

5. The June 11, 1999 Stipulation re Class Certification provides that:

11. For any putative Class member to participate in this action as a member of the opt-in Class defined above, he/she must postmark their Opt-In Request Postcards within 120 days of the date Class counsel mails the Notice (the "Opt-In Deadline"). . . .

Stipulation re Class Certification, at p. 7.

6. Plaintiffs mailed the Class Notices on Friday, December 10, 1999. <u>See</u> letter from Judd Amberg dated December 13, 1999, attached as Exhibit A to the

LR 56.1 STATEMENT OF FACTS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
DISMISSING CERTAIN PLAINTIFFS' CLAIMS - 3

115386.0001\719066.1

**LANE POWELL SPEARS LUBERSKY LLP**
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

Declaration of Douglas E. Smith in Support of Defendant's Motion for Summary Judgment Dismissing Certain Plaintiffs' Claims as Invalid and Setting Remaining Plaintiffs' Claim Periods ("Smith Decl.").

7. The opt-in deadline ('Opt-In Deadline") under the Stipulation re Class Certification (the date by which the completed consent cards had to be postmarked and returned) was therefore April 8, 2000. See Stipulation re Class Certification, at p. 7; letter from Judd Amberg dated December 2, 1999, attached as Exhibit B to Smith Decl.

8. After April 8, 2000, plaintiffs were required to provide IBP with a copy of all consent postcards, file all valid and timely consent postcards with the Court, and provide a status report describing the final composition of the collective "class." Stipulation re Class Certification, at p. 7.

9. Plaintiffs filed Class Notice consents with the Court through the Declaration of Judd Amberg: Reporting Interim Class Notice Responses, filed on April 26, 2000, and the Declaration of Judd Amberg: Final Report Regarding Class Notice Responses and Double Damages Responses, filed on May 26, 2000. See Exhibits B and C to Schovajsa Decl.

10. On May 19, 2000, plaintiffs forwarded to IBP three lists of names allegedly representing the final composition of the collective class (the "Pre-Notice

LR 56.1 STATEMENT OF FACTS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
DISMISSING CERTAIN PLAINTIFFS' CLAIMS - 4

115386.0001\719066.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

Consents," the "Class Notice Consents" and the "No Jobber Consents"). <u>See</u> e-mail correspondence from Judd Amberg dated May 19, 2000, attached as Exhibit C to Smith Decl. IBP used the names on these lists to create the Collective Class List Spreadsheet. Schovajsa Decl., at ¶ 2. All names for which plaintiffs were unable to provide social security numbers have since been removed from the Collective Class List Spreadsheet by agreement of the parties. <u>Id.</u>

11. The following named plaintiffs filed consents with the Court as part of the first batch of Pre-Notice Consents filed on August 10, 1998: Virginia Alvarez and Maria Chavez. <u>See</u> Exhibit A to Schovajsa Decl.; Exhibits E-G to Smith Decl.

12. The remaining named plaintiffs – Gabriel Alvarez, Ranulfo Gutierrez, Pedro Hernandez, Maria Martinez, Ramon Moreno and Ismael Rodriguez – have not filed consent cards with the Court. <u>See</u> Exhibit A to Schovajsa Decl.; Exhibits D and H-L to Smith Decl.

13. The social security numbers for the two "Maria Martinez" listed on the Collective Class List Spreadsheet – 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 and 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 – do not match the social security number provided by named plaintiff "Maria Martinez" in either her interrogatory responses or her deposition testimony – 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. <u>See</u> Exhibits A and D to Schovajsa Decl., at ¶ 5; deposition of Maria Martinez, at p. 7, attached as Exhibit J to Smith Decl.

LR 56.1 STATEMENT OF FACTS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
DISMISSING CERTAIN PLAINTIFFS' CLAIMS - 5

115386.0001\719066.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

14.     During the deposition of named plaintiff Pedro Hernandez, defense counsel showed Mr. Hernandez a copy of the consent card filed by plaintiffs that was signed by "Pedro Hernandez" and asked Mr. Hernandez if that was his signature on the card. Smith Decl., at ¶ 5 and Exhibit D. Mr. Hernandez testified that neither the signature nor the address on the consent card was his, and that he did not file a consent card with the Court. Id.

15.     The following is a list of absent class members who filed consent cards with the Court that were postmarked after April 8, 2000: Shane V. Crosslin (postmarked April 15, 2000); Esteban Garcia (postmarked on April 28, 2000); Mohamud A. Hassan (postmarked on April 12, 2000); Rosa M. Moctezuma (postmarked on April 10, 2000); Juana Munoz (postmarked on April 19, 2000); Regino Sengchanh (postmarked on April 10, 2000); and Brandon Sherman (postmarked on April 10, 2000). See Collective Class List Spreadsheet, Exhibit A to Schovajsa Decl.

16.     The following is a list of absent class members who filed consent cards with the Court after the April 8, 2000 Opt-In Deadline and for which there is no postmark date on the consent cards: Farah Said Abdulahi (no postmark; filed with Court on April 26, 2000); Jose J. Lira (no postmark; filed with Court on April 26, 2000); Valeriana Ocampo (no postmark; filed with Court on April 26, 2000); Patrick

LR 56.1 STATEMENT OF FACTS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
DISMISSING CERTAIN PLAINTIFFS' CLAIMS - 6

115386.0001\719066.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

Stella (no postmark; filed with Court on April 26, 2000); and Salvador U. Rosales (no postmark; filed with Court on April 26, 2000). See Collective Class List Spreadsheet, attached as Exhibit A to Schovajsa Decl.

17. The remaining plaintiffs on the Collective Class List Spreadsheet, the "opt-in plaintiffs," are those plaintiffs listed in the Collective Class List Spreadsheet who have a "YES" under the column entitled "Timely Consent?" See Schovajsa Decl., at ¶ 5.

18. IBP prepared a chart using all of the dates on which plaintiffs filed consent cards with the Court according to the Court's docket. See Schovajsa Dec., at ¶ 10. This chart sets the possible claim periods for each opt-in plaintiff according to the date that the opt-in plaintiff filed his or her consent with the Court. Id. The Collective Class List Spreadsheet provides a more detailed chart of each individual opt-in plaintiff's date of filing and applicable claim period. Id. The chart provides as follows:

LR 56.1 STATEMENT OF FACTS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
DISMISSING CERTAIN PLAINTIFFS' CLAIMS - 7

115386.0001\719066.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

| | DATE PLAINTIFF FILED CONSENT WITH COURT (i.e., date plaintiff's claim commenced) | IF TWO YEAR STATUTE OF LIMITATIONS APPLIES – DATE CLAIM PERIOD COMMENCES (i.e., all plaintiff's claims prior to this date are barred by the two-year statute of limitations) | IF THREE YEAR STATUTE OF LIMITATIONS APPLIES – DATE CLAIM PERIOD COMMENCES (i.e., all plaintiff's claims prior to this date are barred by the two-year statute of limitations) |
|---|---|---|---|
| 1. | August 10, 1998 | August 10, 1996 | August 10, 1995 |
| 2. | August 24, 1998 | August 24, 1996 | August 24, 1995 |
| 3. | December 11, 1998 | December 11, 1996 | December 11, 1995 |
| 4. | February 11, 1999 | February 11, 1997 | February 11, 1996 |
| 5. | July 23, 1999 | July 23, 1997 | July 23, 1996 |
| 6. | September 29, 1999 | September 29, 1997 | September 29, 1996 |
| 7. | April 26, 2000 | April 26, 1998 | April 26, 1997 |
| 8. | May 26, 2000 | May 26, 1998 | May 26, 1997 |

Id.

DATED this 28th day of July, 2000.

LANE POWELL SPEARS LUBERSKY LLP

By _Douglas E. Smith_
Douglas P. Smith, WSBA No. 17319
Barbara J. Smith, WSBA No. 18885
Attorneys for IBP, inc.

LR 56.1 STATEMENT OF FACTS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
DISMISSING CERTAIN PLAINTIFFS' CLAIMS - 8

115386.0001\719066.1