STOREY & MILLER
COURT REPORTERS
601 W. [illegible] JE
SUIT[illegible]
SPOKANE, WA 99201

ORIGINAL

THE HONORABLE ROBERT H. WHALEY

Douglas E. Smith (WSBA No. 17319)
Barbara J. Duffy (WSBA No. 18885)
Nancy W. Anderson (WSBA No. 23031)
LANE POWELL SPEARS LUBERSKY LLP
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: (206) 223-7000
Facsimile: (206) 223-7107

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 0 1 2000

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

GABRIEL ALVAREZ, VIRGINIA ALVAREZ, MARIA CHAVEZ, RANULFO GUTIERREZ, PEDRO HERNANDEZ, MARIA MARTINEZ, RAMON MORENO, and ISMAEL RODRIQUEZ, individually and as class representatives,

    Plaintiffs,

v.

IBP, INC., a Delaware corporation,

    Defendant.

CLASS ACTION
No. CT-98-5005-RHW

**DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON NONCOMPENSABILITY OF PLAINTIFFS' CLAIMED ACTIVITIES**

In support of Defendant's Motion for Summary Judgment on Noncompensability of Plaintiffs' Claimed Activities, defendant IBP, inc. ("IBP") submits the following statement of material facts:

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 1
115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

1. Plaintiffs' claims in this action are based on the allegation that each of the eight representative plaintiffs performs a certain number of minutes or hours of work activities before and after each scheduled work day, and during employee break periods. See Plaintiffs' Second Amended Complaint at ¶¶ 8-12, 45-52.

2. These work activities include "off-the-clock" activities such as: (a) time spent donning and doffing various standard, sanitary, and safety clothing and equipment;[1] (b) obtaining sand paper, sanding their steel (equipment used to maintain the knife's edge), sanitizing their steel and scabbard, and obtaining/returning knives; (c) walking to and from various locations and waiting in line during the above activities; and (d) washing and cleaning their clothing, safety, sanitary and other

---

[1] In their discovery responses, Plaintiffs list the following specific types of clothing and equipment: rubber/safety boots, hard hats, safety glasses, hairnets, earplugs, frocks or "whites," wire mesh aprons, rubber aprons, plastic belly guards, mesh sleeves, yellow plastic sleeves, polar sleeves, fabric sleeves, plastic arm guards, wrist wraps, mesh gloves, rubber gloves, clean cut gloves, cloth gloves, plastic gloves, chain belts, weight belts, scabbards, shin guards, metal face screens, and finger bandages. See also, paragraph 3, infra.

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 2
115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

equipment[2] (hereafter "Claimed Activities"). See Plaintiffs' Second Amended Complaint, at ¶¶ 8, 9 & 11 and Defendant's Second Interrogatories to Named Plaintiffs *and Responses Thereto*, attaching the claimed activities charts of each of the named plaintiffs ("Claimed Activities Charts"), attached as Exhibit 1 to Declaration of Nancy W. Anderson in Support of Motion for Summary Judgment on Noncompensability of Plaintiffs' Claimed Activities and in Support of Motion for Summary Judgment on FLSA Claims Based on Application of the Good Faith Defense ("Anderson Decl.").

3. None of the Plaintiffs perform all of the activities on the Claimed Activities Charts. See Exhibit 1 to Anderson Decl. Furthermore, although they are listed on the Claimed Activities Charts, all of the Named Plaintiffs admit that they never spend any time performing the following activities: donning or doffing a plastic belly guard; donning or doffing wrist wraps; donning or doffing plastic gloves; donning or doffing shin guards; donning or doffing a metal face screen (named plaintiff Ranulfo Gutierrez alleges that his use of a metal face screen was probably before July 1995). Id.

---

[2] Plaintiffs' discovery responses list: straightening/cleaning work area; cleaning/washing meat hook; cleaning/washing protective safety equipment; and washing safety glasses. See Exhibit 1 to Anderson Decl.

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 3

115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

4. The activities described in Plaintiffs' Second Amended Complaint and the plaintiffs' Claimed Activities Charts attached to Exhibit 1 to the Anderson Decl. (with the exception of those activities listed in paragraph 3, supra, which none of the named Plaintiffs allege to perform) shall be referred to as "Claimed Activities."[3]

5. Plaintiffs allege that IBP violated Sections 206 and 207 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207, by not compensating Plaintiffs for the Claimed Activities. See Plaintiffs' Second Amended Complaint at ¶ 55, 56.

---

[3] IBP has prepared a Chart of Claimed Activities which lists the Claimed Activities with more specificity. The Chart of Claimed Activities is attached to the proposed Order filed herein. The following activities, which Plaintiffs added to the original list of claimed activities prepared by IBP, are not included in the Chart of Claimed Activities as they are not properly a distinct "activity" that can be deemed compensable or noncompensable: time between opening locker/removing equipment and start of production line work; available meal break time; time actively handling equipment, not included above; and time between last piece and closing lockers. IBP also deleted from the Chart of Claimed Activities the additional activity of "washing fat and animal tissue off shoes, including standing in line" as it is already included in category "Cleaning/washing protective equipment."

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 4
115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

6. Plaintiffs also allege that IBP violated various provisions of Washington's Minimum Wage Act, Wash. Rev. Code Chapter 49.46, by not compensating Plaintiffs for the Claimed Activities. See Plaintiffs' Second Amended Complaint at ¶ 46-59.

7. At paragraph 31 of their Second Amended Complaint, Plaintiffs assert:

> Defendant has been engaged in extensive similar litigation with the United States Department of Labor and with private parties, resulting in final judgment affirmed in Metzler v. IBP, Inc., 127 F.3d 959 (10th Cir. 1997) . . . such that collateral estoppel should be applied against defendant on these judgments and other judgments presently unknown to the class members on issues that will likely arise during this litigation.[4]

See Plaintiffs' Second Amended Complaint at ¶ 31.

8. The Metzler case is one of many reported decisions that arose after the Department of Labor filed a complaint against IBP in March of 1988. See Exhibits 14 & 18 to the Declaration of Kenneth J. Kimbro in Support of Defendant's Motion for Summary Judgment on FLSA Claims Based on Application of Good Faith Defense ("Kimbro Decl."), incorporated by reference herein, and the Statement of Facts in Support of Defendants Motion For Summary Judgment on FLSA Claims Based Upon

---

[4] Plaintiffs also allege that defendants are bound by the Court's decision in Bernard v. IBP, inc. of Nebraska, 154 F. 3d 259 (5th Cir. 1998) which IBP contends is unrelated to the DOL Litigation with IBP.

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT OF MOTION ON NONCOMPENSABILITY OF PLAINTIFFS' CLAIMED ACTIVITIES - 5
115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

Slotkin ("Slotkin testimony"), at pp. 325-331, attached as Exhibit 1 to Kimbro Decl. IBP and others in the industry treated such activities as preliminary and postliminary to the principal activities of the employees, namely cutting meat. The equipment the employees wore and the activities they engaged in prior to and after their shifts were principally required by USDA and OSHA regulations. See Kimbro Decl., at ¶ 7. IBP believed that, both in the union and non-union plants, the activities were not subject to compensation. Id.

10. The Court in the DOL Litigation acknowledged such at Reich v. IBP, inc., 820 F. Supp. 1315, 1322 (D. Kan. 1993) ("During the relevant period, the standard practice in the meat industry (absent a collective bargaining agreement to the contrary) was that employees were not compensated for preliminary or postliminary activities such as walking, changing clothes, donning protective gear, having knives sharpened, and cleaning equipment or knives.").

---

eventually, as a vice-president of the company. Mr. Slotkin was also the president of John Morrell & Company, a large meat packer, from 1977 to 1987. In 1988, he started a consulting company which provides consulting primarily in the meat business for meat packers and meat processors. See Slotkin testimony, at pp. 322-325, attached as Exhibit 1 to Kimbro Decl.

DEFENDANT'S LR 56.1 STATEMENT OF FACTS IN
SUPPORT OF MTN RE GOOD FAITH - 6

115386.0001\729897.1

11. On October 15, 1997 the Tenth Circuit affirmed the trial court's original decision on this issue in <u>Reich v. IBP</u>, 1996 WL 137817, 3 Wage & Hour Case.2d (BNA) 632 (D. Kan. 1996), attached as Exhibit 14 to the Kimbro Decl.

12. In affirming the district court's non-compensability holding, the Tenth Circuit clarified its reasoning:

> A better explanation for the non-compensability of the donning and doffing of the latter items is that it is not work within the meaning of the FLSA. Work is "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer." <u>Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123</u>, 321 U.S. 590, 598, 64 S. Ct. 698, 703, 88 L.Ed. 949 (1944). While the use of the standard safety equipment may have met the second prong of this test, it fails the first.
>
> The placement of a pair of safety glasses, a pair of earplugs and a hard hat into or onto the appropriate location on the head takes all of a few seconds and requires little or no concentration. Such items can easily be carried or worn to and from work and can be placed, removed, or replaced while on the move or while one's attention is focused on other things. Similarly, safety shoes can be worn to and from work and require little or no additional effort to put on as compared to most other shoes. <u>Thus, although essential to the job, and required by the employer, any time spent on those items is not work.</u>[1]
>
> [1] It could also be said that the time spent putting on and taking off these items is <u>de minimis</u> as a matter of law, although it is more properly considered not work at all. Requiring employees to show up at their workstations with such standard equipment is no different from having a baseball player show up in uniform, a businessperson with a suit and tie, or a judge with a robe. It is simply a prerequisite for the job, and is purely preliminary in nature.

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 7

115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

Reich v. IBP, 38 F.3d 1123, 1126 (10th Cir. 1994).

13. At all relevant times, Plaintiffs (and the employees they seek to represent in this case) worked under a series of bona fide collective bargaining agreements negotiated between the Teamsters Local Union #556 — Plaintiffs' designated bargaining representative — and IBP. See Declaration of Mark Hester in Support of Defendant's Motion for Summary Judgment on Noncompensability of Plaintiffs' Claimed Activities ("Hester Decl."), at ¶ 3.

14. Plaintiffs and other production employees at the Pasco Plant by custom and practice are paid by "gang time." Gang time is a method of calculating wages which has been in use by IBP and the meatpacking industry for decades. Under the "gang time" method of compensation, employees are compensated for the time actually spent in production at their work station. Hourly production workers at Pasco are paid from the time the first meat product arrives at their work station on the production line to the time the last product leaves the same work station. See Hester Decl., at ¶ 2.

15. In 1976, IBP purchased the Pasco Plant from Columbia Foods. The union agreement with the Teamsters assumed by IBP from Columbia provided for one half hour per week for clothes changing time. See Hester Decl., at ¶ 5; relevant

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 8
115386.0001\710271.1

Lane Powell Spears Lubersky LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

excerpts of the Union Agreement between Columbia Foods and Teamsters, attached as Exhibit A to Hester Decl.

16.   In 1979, IBP and the Teamsters negotiated a new union agreement covering the period 1979 to 1982 ("1979 Union Agreement").  See Hester Decl., at ¶ 6.  The 1979 Union Agreement included Article XXII, which provided:

> Section 1.  Clothes changing time for one-half (1/2) hour per week shall be granted to all employees required to change their clothing before performing their work assignments.
> Section 2.  Clothes changing time shall be computed for the purposes of determining the weekly guarantee.

See relevant excerpts of the 1979 Union Agreement, attached as Exhibit B to Hester Decl.; Article XXII of 1979 Union Agreement, attached as excerpt of Exhibit 239 to the deposition of John Carter ("Carter Dep."), relevant excerpts of which are attached as Exhibit 2 to the Anderson Decl.; see also, Carter Dep., at pp. 16-17 (attesting to accuracy of 1979 Union Agreement's inclusion of clothes changing time).

17.   On September 28, 1982, members of the union met with IBP to negotiate a new union contract.  The notes of that meeting disclose the following exchange:

> John:   Section 5 delete, not necessary if taken at their discretion.  XXII clothes changing, section 1. add.
>
> Fred:   What is the problem?
>
> John:   Processing example, area to clean up is limited.  Waiting in line to wash, will not take at window till they are clean.  Some have

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 9

115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

|  |  |
|---|---|
| | to clean saws. They are supposed to be paid for that time, taking care of equipment. The 8200 machine is example. If on gang time and if they have to set-up or clean after production done, should be compensated for it. Supervisors do not keep track of it. |
| Fred: | Problem not enough stages? |
| John: | No room for more. Some do not work at times, there is a rush off the floor. Increase allowance to one hour. Coveralls for maint. |
| Fred: | Do they launder their clothes now? |
| John: | No, have service now $3.25 per person, that is no longer in effect. Was in processing side. Now these guys do their own. |
| Fred: | We launder no clothing? |
| Charlie: | Right |

See Notes of September 28, 1982 IBP Negotiations ("1982 Negotiation Notes"), attached as excerpt of Exhibit 241 to Carter Dep. The "John" referred to in these notes is John Carter. Carter Dep., at pp. 28-29.

18. John Carter was the business agent for the Teamsters Local # 556 from 1976 to 1986. See Carter Dep., at p. 6.

19. Mr. Carter testified that the 1982 Negotiation Notes were maintained as a matter of routine by Linda Ferguson, an employee of the Teamsters Local #556, in the ordinary course of the Teamsters Local #556's business. See Carter Dep., at

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 10

115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

pp. 26-28. Mr. Carter further testified that he was the records custodian of Teamsters Local #556 and that all of the documents produced by the Union in response to IBP's subpoena duces tecum (the Union Agreements, the drafts, the negotiation notes, the Union proposals, etc.) were all created at or near the time of the events reflected in the documents by people with knowledge of the events and in the ordinary course of the local union's business and that he believed all of those documents to be both authentic and accurate. See Carter Dep., at pp. 81-82 and relevant excerpts of Exhibits attached thereto.

  20. On October 21, 1982, IBP and Teamsters Local #556 issued a Summary of Proposals in connection with the negotiation of a new union contract. The Summary provides in relevant part:

> Article XXII  Clothes Changing
> Section 1. ADD: or clean company equipment. Increase allowance to one hour per week.

See October 21, 1982, IBP and Teamsters Local #556 Summary of Proposals, attached as excerpt of Exhibit 241 to Carter Dep.; Carter Dep., at pp. 81-82 (attesting to accuracy and authenticity of document as a business record).

  21. John Carter testified that this one hour a week was intended to compensate employees for all of the "putting on and taking off of protective equipment and cleaning of it." See Carter Dep., at pp. 64-65. "Clothes changing"

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 11
115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

involved the employees' personal safety equipment – e.g., the steel, the mesh, the rubber gloves – and time spent by employees waiting in line. See Carter Dep., at pp. 66-67.

22.  On October 21, 1982, members of the union met with IBP to negotiate a new union contract. The notes of that meeting disclose the following exchange:

> Fred:  XXI pass on vacations. <u>XXII Clothes Changing, believe we can simplify, eliminate it. Do not have in other plants, never had it. Throw back to 40's</u>. On XXIII, company proposes leave as is in contract. XXIV Equipment. Discussed furnishing maint. processing coveralls, boots in slaughter, will continue to do that. As far as laundering, do not have facilities to do it, do not want extra cost and man power to do it. Insurance, talked about, will get back with c. schedule. Talked earlier COLA and wages, our position is clear. Not looking for an increase, need to get backwards. #32, you two are still working on that John?
>
> John:  Yes, next week sit down and get answer.

See Notes of October 21, 1982 IBP Negotiations (emphasis added), attached as excerpt of Exhibit 241 to Carter Dep. John Carter testified that these notes were also taken by Linda Ferguson. See Carter Dep., at p. 35; see also, Carter Dep., at pp. 81-82 (attesting to accuracy and authenticity of document as a business record).

23.  On October 29, 1982, the Teamsters and IBP negotiating committee members signed a recommendation that IBP's final contract offer be accepted as proposed. The attached offer provides in part:

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 12
115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

ARTICLE XXII  CLOTHES CHANGING
DELETE

See October 29, 1982 Recommendation and attached Offer, attached as excerpt of Exhibit 241 to Carter Dep.; Carter Dep., at pp. 81-82 (attesting to accuracy and authenticity of document as a business record).

24. Sometime after the signing of the October 29, 1982 recommendation, a new union contract was issued for the period 1982 to 1985 ("1982 Union Agreement"). The 1982 Union Agreement provides in relevant part:

ARTICLE XXII  CLOTHES CHANGING
DELETED

See relevant excerpts of 1982 Union Agreement, attached as excerpt of Exhibit 240 to Carter Dep.; Carter Dep., at pp. 81-82 (attesting to accuracy and authenticity of document as a business record). Thus, the clothes changing time was negotiated out of the 1982 Union Agreement. See Hester Decl., at ¶ 7.

25. The 1986-1989 union contract between the Teamsters and IBP for the Pasco Plant ("1986 Union Agreement") contains no language regarding clothes changing time. Hester Decl., at ¶ 7; Carter Dep., at pp. 81-82 (attesting to accuracy and authenticity of document as a business record).

26. On September 10, 1987, the 1986 Union Agreement was extended by a Letter of Understanding to March 3, 1990. The modifications to the 1986 Union

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 13
115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

Agreement outlined in the Letter of Understanding do not address clothes changing time. See September 10, 1987 Letter of Understanding, attached as excerpt of Exhibit 243 of Carter Dep.; Carter Dep., at pp. 81-82 (attesting to accuracy and authenticity of document as a business record).

27. On May 24, 1989, the 1986 Union Agreement was extended by a Letter of Understanding to March 1, 1992. The modifications to the 1986 Union Agreement outlined in the Letter of Understanding do not address clothes changing time. See May 24, 1989 Letter of Understanding, attached as excerpt of Exhibit 243 to Carter Dep.; Carter Dep., at pp. 81-82 (attesting to accuracy and authenticity of document as a business record).

28. On January 18, 1992, the Teamsters presented a Union Proposal to IBP during contract negotiations that suggested the following new provision be added to the union contract: "CLOTHES CHANGING AND EQUIPMENT CLEANING OF AN ADDITIONAL ONE HOUR PER WEEK." See January 18, 1992 Union Proposal to IBP, attached as excerpt of Exhibit 245 to Carter Dep.; Carter Dep., at pp. 36-37; Carter Dep., at pp. 81-82 (attesting to accuracy and authenticity of document as a business record); Hester Decl., at ¶ 8.

29. John Carter concurred in his deposition that the "clothes changing and equipment cleaning" referred to in the Union Proposal would include such personal

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 14

115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

equipment items as "the frock, the hard hat, the safety glasses, the mesh, the steel, and other such clothing and equipment" and would include some equipment cleaning. <u>See</u> Carter Dep., at pp. 49 & 55.

30.   The one hour per week for "clothes changing time" proposed by the Teamsters was intended to compensate IBP's hourly employees for any and all preliminary and postliminary activities performed by them at the Pasco Plant. <u>See</u> Hester Decl., at ¶ 8. This "clothes changing time" was therefore intended to compensate each individual employee for any combination of preliminary and postliminary activities, including the following: donning protective equipment (wire mesh gloves, wire mesh aprons, protective sleeves, rubber gloves, cloth gloves, plastic gloves, safety boots, scabbards, hard hats, safety glasses, hairnet, earplugs and other equipment), receiving and donning outer gloves, obtaining sand paper, obtaining knives, sanding their steel (equipment used to sharpen knives), waiting in line, cleaning themselves and equipment, doffing safety equipment and related garments, bagging gloves and garments, and storing safety equipment in their lockers. <u>See</u> Hester Decl., at ¶ 8. All of these activities (which are the same activities Plaintiffs now allege are compensable) were performed by various hourly employees compensated for "clothes changing time" during the negotiations for the 1992 Union Agreement. <u>See</u> Hester Decl., at ¶ 8.

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 15

115386.0001\710271.1

Lane Powell Spears Lubersky LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

31. On February 10, 1992, a list of Open Items for Pasco Complex Negotiations was generated, which includes the following item:

> **Article VIII - Hours of Work:** Open as economic. Union has proposal for Saturday overtime in a holiday week and for ½ hour clothes changing in Processing, Slaughter, Hides.

See February 10, 1992 Open Items for Pasco Complex Negotiations, attached as excerpt of Exhibit 245 to Carter Dep.; Carter Dep., at pp. 81-82 (attesting to accuracy and authenticity of document as a business record).

32. A revised Open Items list issued the same day indicates that the union withdrew its proposal for clothes changing time and sought other concessions:

> Article VIII - Hours of Work: Economic. Union withdrew its proposals 1-31-92 and countered with proposal for Saturday at overtime in a holiday week.

See February 10, 1992 Revised Open Items for Pasco Complex Negotiations, attached as excerpt of Exhibit 245 to Carter Dep.; Carter Dep., at pp. 81-82 (attesting to accuracy and authenticity of document as a business record); see also, Hester Decl., at ¶ 9.

33. The 1992-1996 union agreement ("1992 Union Agreement") between the Teamsters and IBP for the Pasco Plant contains no language regarding clothes changing. Hester Decl., at ¶ 7; Carter Dep., at pp. 81-82 (attesting to accuracy and authenticity of document as a business record).

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 16
115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

34. On June 5, 1995, the 1992 Union Agreement was extended by a Letter of Understanding to May 23, 1999. The modifications to the 1992 Union Agreement outlined in the Letter of Understanding do not address clothes changing time. <u>See</u> Hester Decl., at ¶ 7; June 5, 1995 Letter of Understanding, attached as excerpt of Exhibit 246 to Carter Dep.; Carter Dep., at pp. 81-82 (attesting to accuracy and authenticity of document as a business record).

35. On March 23, 1999, the Teamsters presented its 1999 Union Contract Proposals to IBP, including the following:

> "ARTICLE VIII - HOURS OF WORK . . . [handwritten] Sec. 11 - co will pay a additional 10 min per day - clean up time."

<u>See</u> March 23, 1999 Union Contract Proposals, attached as excerpt of Exhibit 248 to Carter Dep.; Carter Dep., at p. 58-61 (stating that the issue of compensation for "clothes changing time" which encompassed the same sort of clothes changing and equipment cleaning that was part of earlier negotiations was part of the 1999 collective bargaining agreement negotiations between the Teamster and IBP); <u>see also</u>, Carter Dep., at pp. 81-82 (attesting to accuracy and authenticity of document as a business record).

36. The March 1999 working draft of the union agreement between the Teamsters and IBP does not contain a "Section 11" under Article VII - Hours of

---

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 17
115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

Work, or any similar provision regarding clothes changing time. See Draft 1999 Labor Agreement, attached as excerpt of Exhibit 248 to Carter Dep.; Carter Dep., at pp. 81-82 (attesting to accuracy and authenticity of document as a business record); see also Hester Decl., at ¶ 10.

37. The ten minutes per day for "clean-up time" proposed by the Union was intended to compensate IBP's hourly employees for any and all preliminary and postliminary activities performed by them at the Pasco Plant. See Hester Decl., at ¶ 10. This "clean-up time" was therefore intended to compensate each individual employee for any combination of preliminary and postliminary activities, including the following: donning protective equipment (wire mesh gloves, wire mesh aprons, protective sleeves, rubber gloves, cloth gloves, plastic gloves, safety boots, scabbards, hard hats, safety glasses, hairnet, earplugs and other equipment), receiving and donning outer gloves, obtaining sand paper, obtaining knives, sanding their steel (equipment used to sharpen knives), waiting in line, cleaning themselves and equipment, doffing safety equipment and related garments, bagging gloves and garments, and storing safety equipment in their lockers. See Hester Decl., at ¶ 10. All of these activities (which are the same activities Plaintiffs now allege are compensable) were performed by various hourly employees compensated for "clothes

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 18
115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

changing time" during the negotiation of the 1999 Union Agreement. See Hester Decl., at ¶ 10.

38.     The 1999-2004 union agreement ("1999 Union Agreement") between the Teamsters and IBP for the Pasco Plant contains no language regarding clothes changing. Hester Decl., at ¶ 7; Carter Dep., at pp. 81-82 (attesting to accuracy and authenticity of document as a business record).

39.     Every time that IBP and the Teamsters have sat down to negotiate the full terms of a new collective bargaining agreement at the Pasco Plant (as opposed to negotiations for extensions of contracts through a letter of understanding), the issue of compensation for clothes changing time has been on the table. See Carter Dep., at p. 65.

40.     The LR 56.1 Statement of Facts In Support of Defendants Motion For Summary Judgment On FLSA Claims Based Upon Application of the Good Faith Defense, and the attached supporting declarations and exhibits, including the Declaration of Kenneth J. Kimbro in Support of Defendant's Motion for Summary Judgment on FLSA Claims Based on Application of Good Faith Defense and supporting exhibits, are incorporated herein by this reference.

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 19
115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

DATED this 31st day of July, 2000.

LANE POWELL SPEARS LUBERSKY LLP

By_____
Douglas E. Smith, WSBA No. 17319
Barbara J. Duffy, WSBA No. 18885
Nancy W. Anderson, WSBA No. 23031
Attorneys for Defendant IBP, inc.

DEFT'S LR 56.1 STATEMENT OF FACTS IN SUPPORT
OF MOTION ON NONCOMPENSABILITY OF
PLAINTIFFS' CLAIMED ACTIVITIES - 20

115386.0001\710271.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000