FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 0 6 2000

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GABRIEL ALVAREZ, et al.,

    Plaintiffs,

v.

IBP, INC.,

    Defendant.

NO. CT-98-5005-RHW

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT, *INTER ALIA***

Before the Court are the following substantive defense motions:

1. Motion for Summary Judgment Dismissing Plaintiffs' State Law Overtime Claims. **Ct. Rec. 138**

2. Motion for Summary Judgment Dismissing Plaintiffs' Claims for Injunctive Relief. **Ct. Rec. 282.**

3. Motion for Summary Judgment Dismissing Individual Claims of Named Plaintiffs. **Ct. Rec. 288.**

4. Motion for Summary Judgment Dismissing Plaintiffs' Sunshine Time Claims. **Ct. Rec. 295.**

5. Motion for Summary Judgment Re: Plaintiffs' Claims for Double Damages. **Ct. Rec. 303.**

6. Motion for Summary Judgment Dismissing Certain Plaintiffs' Claims as Invalid. **Ct. Rec. 310.**

7. Motion for Summary Judgment on FLSA Claims. **Ct. Rec. 325.**

8. Motion for Summary Judgment on Noncompensibility of Plaintiffs' Claimed

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT, *INTER ALIA* ~ 1**

Activities. **Ct. Rec. 337.**

    9. Motion to Strike Declarations. **Ct. Rec. 362.**

    Plaintiffs are represented by David N. Mark, William J. Rutzick, and Kathy Goater; Defendant by Douglas E. Smith, and Barbara J. Duffy. These matters were considered without oral argument. This will memorialize the Court's rulings.

DISCUSSION

### A. State law Overtime Claims (Ct. Rec. 138)

    Generally, employees in Washington are entitled to time-and-a-half for hours worked during a week in excess of 40. RCW § 49.46.130(1). There are exceptions, one being that agricultural workers are exempt. RCW § 49.46.130(2)(g)(i). This subsection applies only to farm employment, and under no construction could IBP's plant be deemed a farm. However, subsections (g)(2)(ii) and (iii) are arguably broad enough to embrace the packing and packaging of agricultural products as they wend their way to market, and thus leave the door open for a construction that beef processing enterprises are excluded from overtime requirements. The expansive language of subsection (g)(iii) in particular could be so read, given the abstruse and disjointed manner in which it is drafted. That is how IBP reads it. That is not how the enforcement arm of the Department of Labor & Industries ["DLI"] reads it. According to DLI's Michael Brandow, (g)(2) exemptions apply only to processing activities that are integral to a farm. **Ct. Rec. 152, Exhibit 2.** If a processor buys cattle on the open market, and then processes them without having raised, fattened, or otherwise cared for the animals as a farmer, it is not exempt. *Id.* DLI's Greg Mowat, Program Manager for the Employment standards Division, concurs in this construction.[1] *Id.*, **Exhibit 1, ¶ 8.** The bright line is

---

[1] The Court previously reserved ruling on IBP's motion to strike the declarations of Brandow and Mowat as they relate to the overtime claims. **Ct. Rec. 237, page 10.** For reasons stated in the Order entered May 24, 2000, the motion will be denied. The declarants are stating from their own personal knowledge how the statutory exemption is

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT,** *INTER ALIA* ~ 2

when an agricultural product is *first* marketed; *i.e.*, conveyed by someone who raised it, to someone who did not. Giving deference to the agency responsible for enforcing the statute, and having in mind that exemptions are strictly construed,[2] and having before it a statute that is ambiguous, if not unintelligible, the Court does not find IBP exempt.

### B. Claims for Injunctive Relief (Ct. Rec. 282)

The Court has considered the parties' arguments in terms of issue and claim preclusion, and also considered whether Gutierrez was the virtual representative of the named Plaintiffs (and hence the class) in this case.[3] Procedural questions aside, the Court has also considered whether the outcome is controlled by *SPEEA v. Boeing*, 139 Wash. 2d 824, 839 (2000).

The purpose of a summary judgment proceeding is to avoid a useless trial. It is doubtful either party will put on evidence related to injunctive relief that would not be put on in any event. The grant or denial of injunctive relief is for the Court to determine post-trial, and there is no benefit to anyone in reaching the issue pretrial. Accordingly, the motion will be reserved.

### C. Individual Claims of Named Plaintiffs (Ct. Rec. 288)

Lead Plaintiffs Gabriel and Virginia Alvarez filed a Chapter 7 bankruptcy on June 8, 1998. **Ct. Rec. 290, Exhibit A**. This action was filed on June 30, 1998. **Ct. Rec. 1.** The Alvarezes did not schedule the claims that provide the basis of this action as assets. *Id.* Many of these claims arose pre-petition, and had been known to the Alvarezes for

---

enforced on the ground, not purporting to write policy. It would be like a police officer testifying about the procedures he employs when responding to a domestic violence call. The officer does not make policy. He may not even know why departmental policy is what it is. But he can testify as to what he does.

[2]*Drinkwitz v. Alliant Techsystems*, 140 Wash.2d 291, 300-01 (2000).

[3]*See Deja Vu, Inc. v. Spokane County*, 46 F. Supp.2d 1083, 1086-87 (E.D. Wash. 1998).

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT, *INTER ALIA* ~ 3

some years. **Ct. Rec. 292, Exhibits G&H.**

As Plaintiffs concede, any cause of action a debtor has upon filing bankruptcy becomes property of the estate and must be scheduled so the trustee can decide whether to pursue the claim for the benefit of the estate. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707-09 (9th Cir. 1986). If the debtor wishes to pursue the claim for his own benefit, he must petition to have it abandoned. *Id.* at 709-10. If a pre-petition cause of action is not abandoned to the debtor or pursued by the trustee on behalf of the estate, it disappears, because only the trustee has standing to pursue the claim. This is sometimes referred to as the "black hole" theory. "Standing is an essential, core component of the case or controversy requirement." *San Diego County Gun Rights v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).

Plaintiffs are correct that the foregoing analysis applies only to claims which had accrued when the bankruptcy petition was filed. It does not bar claims accruing thereafter. Thus, the Alvarezes may proceed on claims arising after June 8, 1998.

**D. Sunshine Time Claims (Ct. Rec. 295)**

Pursuant to stipulation, the claim will be dismissed. **Ct. Rec. 457.**

**E. Double Damages (Ct. Rec. 303)**

RCW § 49.52.070 provides for double damages in the event of a wilful violation of the MWA. IBP seeks to eliminate this possibility on two theories: (1) a number of opt-in class members failed to assign their claims as required both by statute and the parties' stipulation; and (2) a MWA plaintiff who knowingly submits to a violation is not entitled to exemplary damages.

Plaintiffs concede that some opt-ins did not file assignments, and do not suggest that this feature can be excused. They dispute how many opt-ins failed to do so. After concessions made in reply briefing, the dispute has narrowed to the point where counsel should be able to work it out among themselves. If not, the Court shall be advised and it will do so.

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT, *INTER ALIA* ~ 4**

As to knowing submission to violations, two observations appear. First, prosecuting a lawsuit based on the alleged violations tends to vitiate submission. If Plaintiffs ever "submitted," they have not been doing so since June 30, 1998. Second, how can Plaintiffs, many of whom may not be well versed in their rights under the law, "knowingly" agree to a violation, when a sophisticated employer such as IBP denies there were any violations to submit to? Whether Plaintiffs knowingly submitted is for the finder of fact to determine.

### F. Certain Plaintiffs' Claims as Invalid (Ct. Rec. 310)

Counsel have resolved this motion by stipulation. **Ct. Rec. 457.**

### G. FLSA Claims (Ct. Rec. 325)

Good faith is virtually always a question of fact, and so it is here. Defendant has a plausible construction of the events in explaining why it took the actions and positions it did. So do Plaintiffs. When that occurs, the push goes to the nonmoving party.

### H. Noncompensibility of Plaintiffs' Claimed Activities (Ct. Rec. 337)

The Court has in mind *Reich v. IBP*, 820 F. Supp. 1315 (D. Kan. 1993), *aff'd and remanded*, 38 F.3d 1123 (10th Cir. 1994). The Court also has in mind that *Reich* was decided after a plenary trial during which fact-intensive inquiry was undertaken. There are no doubt similarities between IPB's operations in the plant under consideration in *Reich* and the one here, but the Court cannot take notice that the similarities are so great that the *Reich* holdings can be bodily picked up and applied to this case. Issues of fact remain over the nature of the activities, as well as custom and practice in the labor arena. Moreover, *Reich* would not dispose of the state law claims unless the Court construes the MWA to be coextensive with FLSA. The Court's present thinking is that the MWA is more expansive in several respects.

### I. Motion to Strike Declarations (Ct. Rec. 362)

Taking advantage of the Rule 56(f) continuance previously granted, Plaintiffs have now obtained materials from other DLI sources allegedly reflecting that the views

espoused by Brandow and Mowat, *supra*, have consistently been applied since at least the mid-1980's. IBP seeks to strike this material because: (1) it was not timely disclosed; and (2) it is not entitled to deference as an authoritative source of official policy.

It was not timely disclosed. That is because IBP first raised the exemption issue in its motion. Arguably, the exemption claim should have been stricken for failure to plead it as an affirmative defense, and that is what Plaintiffs requested. The Court declined to do so, and instead granted Plaintiffs' Rule 56(f) motion. IBP cannot now be heard to complain about timeliness. The Court will reopen discovery for the limited purpose of deposing the declarants, if that is what IBP wishes.

As to deference, the Court cannot reach the issue. Counsel's declaration describes four declarations from DLI employees purportedly outlining agency policy, and 14 more exhibits, most of which touch on the legislative history of the (g)(2) exemption. **Ct. Rec. 353**. Turning to the record cited, we find three large expando files containing 50 exhibits plus subexhibits. What case this material is related to is unknown, but it is not this one. It appears to deal with prisoner litigation. The motion will be granted, not for the reasons advanced by IBP, but because the subject materials have no relevance to this action.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment Dismissing Plaintiffs' State law Overtime Claims (**Ct. Rec. 138**) is **DENIED**.

2. Defendant's Motion to Strike Declarations (**Ct. Rec. 168**) is **DENIED**.

3. Defendant's Motion to Exceed Page Limitation (**Ct. Rec. 184**) is **GRANTED**.

4. Defendant's Motion to Shorten Time (**Ct. Rec. 187**) is **GRANTED**.

5. Defendant's Motion to File an Overlength Opposition Brief (**Ct. Rec. 224**) is **GRANTED**.

6. Defendant's Motion to Shorten Time (**Ct. Rec. 227**) is **GRANTED**.

7. Defendant's Motion to File an Overlength Reply Brief (**Ct. Rec. 255**) is **GRANTED**.

8. Defendant's Motion to Shorten Time (**Ct. Rec. 258**) is **GRANTED**.

9. Defendant's Motion to File an Overlength Brief (**Ct. Rec. 271**) is **GRANTED**.

10. Defendant's Motion for Summary Judgment Dismissing Plaintiffs' Claims for Injunctive Relief (**Ct. Rec. 282**) is **RESERVED**.

11. Defendant's Motion for Summary Judgment Dismissing Individual Claims of Named Plaintiffs (**Ct. Rec. 288**) is **GRANTED** in part and **DENIED** in part.

12. Defendant's Motion for Summary Judgment Dismissing Plaintiffs' Sunshine Time Claims (**Ct. Rec. 295**) is **GRANTED** pursuant to stipulation of the parties..

13. Defendant's Motion for Summary Judgment Re: Plaintiffs' Claims for Double Damages (**Ct. Rec. 303**) is **DENIED**.

14. Defendant's Motion for Summary Judgment Dismissing Certain Plaintiffs' Claims as Invalid (**Ct. Rec. 310**) is **GRANTED** in part and **DENIED** in part pursuant to the stipulation of counsel, the terms of which are incorporated by reference.

15. Defendant's Motion to File an Overlength Brief (**Ct. Rec. 319**) is **GRANTED**.

16. Defendant's Motion to Shorten Time (**Ct. Rec. 322**) is **GRANTED**.

17. Defendant's Motion for Summary Judgment on FLSA Claims (**Ct. Rec. 325**) is **DENIED**.

18. Defendant's Motion to File Overlength Brief (**Ct. Rec. 331**) is **GRANTED**.

19. Defendant's Motion to Shorten Time (**Ct. Rec. 334**) is **GRANTED**.

20. Defendant's Motion for Summary Judgment on Noncompensibility of Plaintiffs' Claimed Activities (**Ct. Rec. 337**) is **DENIED**.

21. Plaintiffs' Motion to File Overlength Brief (**Ct. Rec. 346**) is **GRANTED**.

22. Plaintiffs' Motion to Shorten Time (**Ct. Rec. 349**) is **GRANTED**.

23. Defendant's Motion to File Overlength Brief (**Ct. Rec. 356**) is **GRANTED**.

24. Defendant's Motion to Shorten Time (**Ct. Rec. 359**) is **GRANTED**.

25. Defendant's Motion to Strike Declarations (**Ct. Rec. 362**) is **DENIED**.

26. Defendant's Motion to Shorten Time (**Ct. Rec. 367**) is **GRANTED**.

27. Plaintiffs' Motion to File Two Overlength Briefs in Opposition (**Ct. Rec. 370**) is **GRANTED**.

28. Plaintiffs' Motion to Shorten Time (**Ct. Rec. 373**) is **GRANTED**.

29. Defendant's Motion to File Overlength Brief (**Ct. Rec. 439**) is **GRANTED**.

30. Defendant's Motion to Shorten Time (**Ct. Rec. 442**) is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 5 day of September, 2000.

_____
ROBERT H. WHALEY
United States District Judge

Q:\Civil\1998\alvaerz-ibp.SJ.order.2.wpd

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT, *INTER ALIA* ~ 8**